IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONDON MURRAY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 21-1190 |
| | ) |
| CAPITAL ONE N.A. | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

Plaintiff London Murray, proceeding pro se, filed a Complaint, with supporting Exhibits, against Defendant Capital One. N.A. ECF No. 1 (Complaint) & ECF Nos.8, 9, & 10 (Exhibits). Presently before the Court is Capital One's Motion to Dismiss. ECF No. 11. Plaintiff's Response to the Motion to Dismiss was due by November 16, 2021. On November 8, 2021, Plaintiff filed documents entitled "Peace, Love, Friendship & Prosperity Affidavit," "Security Interest & Agricultural Lien," and "Official Certificate of Birth Receipt." ECF No. 18. On November 16, 2021, Plaintiff filed an "Affidavit of Security Agreement & Agricultural Lien." ECF No. 19. On November 18, 2021, Plaintiff filed a "Bill of Exchange Order Supporting Affidavit" apparently filed as an exhibit in support of the Affidavit filed at ECF No. 19. ECF No. 20. Capital One filed a Reply on November 23, 2021, and therefore the Motion is ripe for resolution. ECF No. 21. For the reasons that follow, the Motion to Dismiss will be granted and this action will be dismissed with prejudice.

**I.      Factual Background**

In the first paragraph of the Complaint Plaintiff alleges that Capital One discriminated against Plaintiff for exercising Consumer Credit Protection rights "[s]uch as Equal Credit Reporting Act," and that Capital One violated the Truth in Lending Act, the Electronic Fund

Transfer Act, the Fair Credit Reporting Act (FCRA), and the Fair Debt Collection Practices Act (FDCPA).  Compl. ¶ 1.  The claims apparently arise out of Plaintiff's October 8, 2020 successful application for credit from Capital One and Plaintiff's communications with Capital One occurring thereafter.  Compl. ¶ 5.  The Complaint is extremely difficult to decipher, however, it appears that the entire Complaint concerns Plaintiff's unhappiness that Capital One did not comply with Plaintiff's written demands, which included a demand for an unlimited line of credit.  As such, the Court will only set forth Plaintiff's stated causes of action.  In Count 1, Plaintiff alleges "Discrimination" related to the application for credit and Plaintiff's subsequent complaints to the Consumer Financial Protection Bureau (CPFB), as well as complaints Plaintiff sent to over eighty other agencies and departments.  Compl. ¶¶ 5-14.  Count 2 asserts a violation of the Truth in Lending Act.  Compl. ¶¶ 15-24.  In Count 3 Plaintiff alleges, in a single paragraph, that Capital One violated the FCRA by reporting to Credit Reporting Agencies that Capital One extended credit to Plaintiff.  Compl. ¶ 25.  Count 4 alleges that Capital One is a debt collector who violated the FDCPA through actions related to Plaintiff's credit account.  Compl ¶¶ 26-49.  Count 5 alleges White Collar Crime violations.  Compl. ¶¶ 50-66.  In this Count, Plaintiff alleges that Capital One, through its Chief Executive Officer, violated several federal statutes by committing financial crimes, one of which is illegally obtaining money from Plaintiff.

**II.     Standard of Review**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard.  Iqbal, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see also Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

A court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).  The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint.  Maio v. Aetna, 221 F.3d 472, 482 (3d Cir. 2000).  The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted).  Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Amendment is

3

futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" M.U. v. Downingtown High Sch. E., 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting Great W. Mining, 615 F.3d at 175).

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982).

### III. Discussion

Capital One moves to dismiss the Complaint with prejudice arguing that the Complaint does not comply with Federal Rule of Civil Procedure 8(a), any fraud claims are insufficiently plead contrary to Federal Rule of Civil Procedure 9(b), and that all claims fail to state a claim as a matter of law.  Before discussing Capital One's arguments, the Court addresses Plaintiff's failure to respond to Capital One's Motion to Dismiss.  Plaintiff's Response was due by November 16, 2021.  While Plaintiff timely filed a "Peace, Love, Friendship & Prosperity Affidavit," a "Security Interest & Agricultural Lien," an "Official Certificate of Birth Receipt," and an "Affidavit of Security Agreement & Agricultural Lien" with a supporting "Bill of Exchange Order Supporting Affidavit," such documents fail to address any of Capital One's arguments for dismissal and have little to no connection to the Complaint.  In addition, Plaintiff did not indicate that such documents were intended as a Response to the Motion to Dismiss.  Just prior to Capital One's Reply, Plaintiff filed documents entitled, ' "Bill of Exchange Order and or Contract & Agricultural Lien" (ECF No. 22); and "C.O.D. Contract" (ECF No. 23).  None of the

4

subsequent filings address the Motion to Dismiss and, like Plaintiff's prior filings, they contain disjointed and difficult to decipher assertions. All such filings appear to be a bare demand that Capital One provide Plaintiff with monetary and other relief without any valid legal basis. Plaintiff has therefore failed to substantively respond to the arguments in Capital One's Motion to Dismiss. "[U]nless a plaintiff's failure to oppose a motion can truly be understood to reflect that the motion is unopposed, the United States Court of Appeals prefers "an assessment of the complaint on its merits" before dismissal. Xenos v. Hawbecker, 441 F. App'x 128, 131 (3d Cir. 2011); see also Shuey v. Schwab, 350 F. App'x 630 (3d Cir. 2009). Accordingly, an evaluation of Plaintiff's claims follows.

  A. Rule 8(a)

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1), (2), and (3). A complaint that contains no discernible facts or narrative explaining the events giving rise to the complaint, and that fails to comply with Rule 8, is properly dismissed. Roy v. Supreme Court of United States of America., 484 F.App'x 700, 700 (3d Cir.2012) (agreeing with District Court that the complaint was incomprehensible and failed to comply with Rule 8).

Plaintiff's Complaint is not a "short and plain statement." To the contrary, it is unnecessarily lengthy and is written in such a way that it is nearly impossible to discover a validly plead cause of action. The Complaint contains numerous irrelevant and inaccurate assertions and is lacking in substantive factual allegations connected to the purported causes of action. Even considering the liberal pleading standard afforded to pro se litigants, the Complaint in this case fails to comply with Rule 8(a). As shown by the Court's recitation of the alleged

5

claims, the Complaint does not provide a comprehensible narrative in support of any cause of action. The Court can tell that Plaintiff applied for, and was granted, credit with Capital One. Thereafter, Plaintiff appears to have violated the terms of credit in some manner and during the course of communications has taken the position that Capital One is bound to extend credit to Plaintiff and that all other actions taken by Capital One violated the law. In support of the claims, Plaintiff asserts the legally invalid theory that "natural persons," backed by their labor, are able to obtain open-ended credit for personal and household purposes from financial institutions, which have been delegated such tasks from the United States government. Compl. ¶¶ 15, 18. Thus, the Court concludes that the Complaint does not pass "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557. Accordingly, Plaintiff's Motion to Dismiss the Complaint for failure to comply with Rule 8(a) is GRANTED.

  **B.** **Rule 9(b)**

To the extent Plaintiff asserts fraud claims, such are not alleged with particularity in violation of Rule 9(b). Rule 9(b) provides:

> **(b) Fraud or Mistake; Conditions of Mind**. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. Proc. 9(b). To state a claim for fraud, Plaintiff must plead, with particularity, "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." Weissberger v. Myers, 90 A.3d 730, 735 (Pa.

Super. 2014). The facts of the Complaint, read in a light most favorable to Plaintiff, appear to consist of Plaintiff's dissatisfaction with nearly every aspect of Plaintiff's credit transaction experience with Capital One, especially the fact that Capital One sought to lawfully collect payments due on the account. Plaintiff has not identified a false material representation made by Capital One, that was made with the intent of misleading the Plaintiff to rely on the misrepresentation. Nor has Plaintiff alleged that Plaintiff relied on any such statement or that such reliance proximately caused Plaintiff's injury. Accordingly, Capital One's Motion to Dismiss Plaintiff's fraud claims for failure to comply with Rule 9(b) is GRANTED.

### C.  Failure to State a Claim

Reviewing the claims themselves, Plaintiff fails to state any viable claim upon which relief can be granted. As an initial matter, the majority of Plaintiff's statutory references are to provisions containing definitions and rules of construction for various subchapters of Title 15 or refer to statutory provisions that do not provide for any causes of action. Plaintiff's claims are deficient to the extent they are based on alleging that Capital One violated statutory provisions upon which no cause of action can be based.

Plaintiff's Equal Credit Opportunity Act (ECOA) discrimination claim fails as a matter of law. Plaintiff does not identify Capital One's actions that caused the discrimination. In addition, Plaintiff fails to allege the elements of a prima facie case of ECOA discrimination. There is no allegation that Plaintiff is a member of a protected class, or that despite being qualified to obtain credit, Capital One denied the application  See Anderson v. Wachovia Mortg. Corp., 621 F.3rd 261, 268 n. 5 (3d Cir. 2010). As Capital One states, the allegations show that Plaintiff applied for credit, obtained credit, and the account was eventually closed. See Compl. ¶¶ 5-14. Such allegations, on their face, cannot support a prima facie case of ECOA discrimination. Plaintiff's

ECOA discrimination claim will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's Truth in Lending Act asserted in Count 2 also fails as it does not identify how Capital One violated the Truth in Lending Act.  Moreover, Plaintiff attempts to support this claim, in part, by asserting the legally invalid theory that a "natural person" is entitled to be treated in a manner contrary to the laws of the United States.  Despite claiming a violation of the Truth in Lending Act, the Court is unable to discern a basis for *any* cause of action in Count 2. Plaintiff's Truth in Lending Act claim will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's FCRA claim fails as a matter of law.  Plaintiff alleges that Capital One violated 15 U.S.C. § 1681s-2(a).  Section 1681s-2(a) does not provide for a private cause of action. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011).  Plaintiff's FCRA claim will be dismissed for failure to state a claim upon which relief can be granted .

Plaintiff's FDCPA claim also fails to state a claim upon which relief can be granted.  The allegations of the Complaint and attached exhibits demonstrate that Capital One is not a debt collector; it is a creditor and owner of the debt incurred on the credit card account.  Capital One's responses to Plaintiff's complaints to the CPFB cannot be considered a violation of the FDCPA in any manner as such are not attempts to collect a debt.  Moreover, Plaintiff's mischaracterization of Capital One's responses to Plaintiff's CFPB complaints as "obscene" and "criminal" are objectively untrue.  Plaintiff's Fair Debt Collections Protection Act claim will be dismissed for failure to state a claim upon which relief can be granted.

Finally, there is no validly stated cause of action in Count 5, entitled "White Collar Crimes."  The paragraphs that comprise Count 5 can best be characterized as Plaintiff's lengthy

disagreement with the present lawful existence and functions of financial institutions such as Capital One. Accordingly, Count 5 will be dismissed for failure to state a claim upon which relief can be granted.

Capital One's Motion to Dismiss all of Plaintiff's claims is GRANTED, as all claims fail to state a claim upon which relief can be granted.

### C.     Leave to Amend

Finally, the Court must consider whether to grant leave to amend the complaint before dismissal. Grayson, 293 F.3d at 108. "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Id. Here, it would be futile to permit amendment. Plaintiff's fraud claims cannot be cured by amendment because Plaintiff failed to allege a false representation and the Complaint and Exhibits provide no basis to conclude that Plaintiff is able to allege that Capital One asserted a false representation. Moreover, based on the allegations provided by Plaintiff and the attached Exhibits and other filings there is no cause of action that can successfully be alleged against Capital One. The gist of the Complaint is simply Plaintiff's unhappiness with the credit transaction Plaintiff entered into with Capital One. While the Court independently determines that amendment would be futile, the Plaintiff, by failing to substantively respond to the Motion to Dismiss, has also not proffered any basis upon which the Court could conclude that amendment would cure the defects of the Complaint. Furthermore, amendment is not warranted because the Plaintiff also appears to be acting in bad faith and pursuing a dilatory motive through the filing of multiple repetitive pleadings containing patently faulty legal arguments with no apparent valid connection to the lawsuit. Id.

Accordingly, the following order is hereby entered.

9

**ORDER**

AND NOW, this 7th day of December 2021, for the reasons explained above, Defendant Capital One, N.A.'s Motion to Dismiss (ECF No. 11) is GRANTED. Plaintiff's claims are dismissed for failure to comply with Rule 8(a). Plaintiff's fraud claims are dismissed for failure to plead fraud with particularity. All claims are dismissed for failure to state a claim upon which relief can be granted. Leave to amend the Complaint is not permitted as such would be futile, and because Plaintiff appears to be acting in bad faith with a dilatory motive.

Plaintiff's Complaint is dismissed with prejudice.

The Clerk of the Court is to mark this case CLOSED.

    /s *Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

cc:    LONDON MURRAY, pro se
1311 LaBelle Street
Pittsburgh, PA 15221